ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| WILFREDO G. SANTOS VÁZQUEZ<br><br>RECURRENTE<br><br>V.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>RECURRIDOS | KLRA202300622 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: 215-23-075 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de enero de 2024

El señor Wilfredo G. Santos Vázquez (en adelante, el recurrente o el señor Santos Vázquez), confinado en la Institución Correccional 501 de Bayamón, presentó ante este Tribunal un *Escrito de Revisión Judicial*. En su recurso nos solicita que revoquemos una *Resolución* emitida el 17 de agosto de 2023 y notificada el 28 de septiembre de 2023 por el Departamento de Corrección y Rehabilitación (en adelante, el DCR o la agencia recurrida).

Por los fundamentos que exponemos a continuación, *desestimamos* el presente recurso por falta de jurisdicción.

**I.**

El 28 de junio de 2023, un oficial correccional presentó un *Informe de Querella de Incidente Disciplinario* contra el señor Santos Vázquez ante el Departamento de Corrección y Rehabilitación.[1] En síntesis, alegó que el recurrente desobedeció una directriz correccional durante el tiempo de aseo personal. Señaló, a su vez, que éste produjo ruidos excesivos y lanzó una bandeja de alimentos al área común.

---

[1] *Apéndice del recurrente*, pág. 4.

Ante tales alegaciones, el DCR celebró una vista disciplinaria el 9 de agosto de 2023. El 17 de agosto de 2023, emitió una *Resolución,* notificada el 28 de noviembre de 2023.[2] En la aludida determinación, declaró incurso al recurrente y resolvió que éste infringió el Código 135 del Reglamento para Establecer Procedimiento Disciplinario de la Población Correccional, Reglamento Núm. 9921 de 8 de octubre de 2020 (en adelante, Reglamento Disciplinario), por desobedecer una orden directa de un empleado correccional. Además, decretó la suspensión del privilegio de comisaría, recreación activa, visitas, y actividades especiales en el periodo de cincuenta (50) días.

En desacuerdo con el proceder administrativo, el 5 de octubre de 2023, el recurrente sometió una *Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado*.[3] Sin respuesta al respecto, el 27 de noviembre de 2023, presentó ante nos un recurso de *Revisión Judicial.* En su escrito, planteó los siguientes señalamientos de error:

> LA VISTA NO SE EFECTUÓ CONFORME A LA REGLAMENTACIÓN DEL "D.C.R." Y EL INCUMPLIMIENTO CON LA NORMA PERJUDICA A CUALQUIER PARTE. LA SECCIÓN DE LA REGLA SE ESPECIFICA EN EL ARTÍCULO (EN ADELANTE ART.) VI INCISO 1 ENTRE OTROS.

> SE VIOLÓ EL DEBIDO PROCESO DEL(A) CONFINADA (EL DERECHO ESPECIFICA EN EL ART. VI INCISO 1 D ESTE RECURSO ENTRE OTROS.

> LA DETERMINACIÓN DEL OFICIAL EXAMINADOR D. VISTA DISCIPLINARIA NO ESTÁ APOYADA POR LA PRUEBA PRESENTADA Y LA EVIDENCIA QUE OBRA EN EL EXPEDIENTE.

> EL OFICIAL EXAMINADOR DE VISTA DISCIPLINARIA Q. PRESCIDIÓ LA VISTA ACTUÓ DE MANERA PREJUICIADA CONTRA ESTA CONFINADA (EN EL ART. VI INCISO 4 SEÑALO LAS ALEGACIONES DE PREJUICIO CON EVIDENCIA).

El 15 de diciembre de 2023, este Tribunal emitió *Resolución* concediendo al DCR veinte (20) días para someter su alegato en oposición. En el ínterin, el 19 de diciembre de 2023, el DCR notificó al recurrente sobre

---

[2] *Apéndice del recurrente*, págs. 1-3.
[3] *Apéndice de la agencia recurrida*, pág. 4

una *Determinación* emitida el 3 de noviembre de 2023 en torno a la solicitud de reconsideración.[4] En dicho dictamen, declaró *Con Lugar* la aludida petición y revocó la *Resolución* recurrida. Al respecto, dispuso lo siguiente:

> Al hacer un examen y análisis del expediente administrativo del caso que nos ocupa, trasluce que el Oficial Examinador celebró vista administrativa el 9 de agosto de 2023. **La Resolución fue emitida el 17 de agosto de 2023, dentro del término de siete (7) días laborables de celebrada la vista, esto conforme dispone la Regla 28 (2) del Reglamento Disciplinario. De la Resolución se observa que se entregó la resolución el 28 de septiembre de 2023 por el Oficial de Querellas. Es decir, que se hizo entrega de la resolución fuera del término que establece la Regla 34 precitada.**
>
> Tomamos conocimiento que el Oficial de Querellas, Ricardo J. Casiano para la fecha de la vista administrativa del querellado estaba de vacaciones y se nombró oficial correccional Jaremid Serrano Avilés que lo sustituyera. Aparentemente, el oficial correccional no hizo entrega al querellado recurrente de la Resolución dentro del término que dispone la Regla 34 del Reglamento Disciplinario, supra, es decir, dentro del día laborable siguiente al recibo de la Resolución emitida por parte del Oficial Examinador. No surge del expediente una hoja de incidente que explicara la razón de haber entregado tardíamente la Resolución al querellado que sirviera de justa causa. **Por lo que en virtud de lo que dispone la Regla 34 del Reglamento Disciplinario, se incumplió con la entrega de la Resolución al día laborable siguiente de haberse emitido la Resolución por el Oficial Examinador. Por lo que se violó el debido proceso de ley al querellado.** (Énfasis nuestro).[5]

Posteriormente, el 8 de enero de 2024, la agencia recurrida presentó un *Escrito en Cumplimiento de Orden y Solicitud de Desestimación*. En esencia, advirtió que mientras el recurso se encontraba presentado ante el foro apelativo, la agencia acogió la solicitud de reconsideración y procedió a revocar la determinación recurrida. Por tanto, solicitó la desestimación la causa de acción presentada bajo el fundamento de ausencia jurisdicción por razón de academicidad.

**II.**

Como es sabido, "los tribunales podemos evaluar únicamente aquellos casos que son justiciables". *Asoc. Fotoperiodistas v. Rivera Schatz, 180 DPR 920,* 931 (2011); *Lozada Tirado et al. v. Testigos Jehová,*

---

[4] *Apéndice de la agencia recurrida*, págs. 1-3.
[5] *Apéndice de la agencia recurrida*, pág. 2.

177 DPR 893, 907 (2010). La intervención judicial solo tendrá lugar cuando exista "una controversia genuina entre partes opuestas que tienen un interés real en obtener un remedio que afecte sus relaciones jurídicas". *Hernández Montañez v. Parés Alicea*, 208 DPR 727, 738 (2022); *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31, 60 (2009). En ese sentido, los tribunales solo pueden decidir asuntos instados "en un contexto adversativo y en una forma históricamente visualizada como capaz de ser resuelta a través del proceso judicial*". Pueblo v. Díaz Alicea*, 204 DPR 472, 481 (2020).

**Un asunto no es justiciable cuando unos hechos posteriores lo tornan académico.** (Énfasis suplido). *UPR v. Laborde Torres Y Otros*, 180 DPR 253, 280 (2010); *Noriega v. Hernández Colón*, 135 DPR 406 (1994). La condición académica surge "cuando los cambios fácticos o judiciales acaecidos durante el trámite judicial tornan en ficticia su solución, convirtiéndose así en una opinión consultiva sobre asuntos abstracto". *Asoc. Fotoperiodistas v. Rivera Schatz, supra,* págs. 932-933; *San Gerónimo Caribe Project v. A.R.Pe.*, 174 DPR 640, 652 (2008). En estos casos, la "condición de controversia viva y presente se ha perdido". *Asoc. Fotoperiodistas v. Rivera Schatz*, *supra*, pág. 933; *P.P.D. v. Gobernador I*, 139 DPR 643, 676 (1995).

En tales circunstancias, el fallo que emita el tribunal no tiene efectos prácticos por tratarse de un asunto inexistente. *Lozada Tirado v. Testigos Jehová*, *supra*, pág. 908; *San Gerónimo Caribe Project v. ARPe*, 174 DPR 640, 652 (2008). Por tanto, su deber es abstenerse de considerar los méritos de ese caso. *Super Asphalt Pavement, Corp. v. Autoridad para el Financiamiento de Puerto Rico*, 206 DPR 803, 816 (2021); *CEE v. Depto. de Estad*o, 134 DPR 927, 936 (1993). **Una vez el tribunal determine que el recurso es académico, le corresponde desestimar el pleito**. (Énfasis nuestro). *Moreno v. UPR II*, 178 DPR 969, 974 (2010); *ELA. v. Aguayo*, 80 DPR 552, 562 (1958). Tal proceder evita el uso inadecuado de recursos

judiciales. *Moreno v. UPR II*, supra, pág. 974; *P.N.P. v. Carrasquillo*, 166 DPR 70, 75 (2005).

**III.**

En el presente caso, el señor Santos Vázquez nos solicita la revocación de la resolución recurrida que decretó que éste incurrió en desacato por quebrantar una directriz correccional. Contiende que el dictamen agencial no está respaldado en evidencia suficiente. Por tanto, sostiene que la agencia recurrida actuó en contravención al debido proceso de ley.  Tras examinar sosegadamente el recurso presentado, resulta forzoso concluir que éste se tornó académico. Veamos.

Surge del expediente ante nuestra consideración que, el 17 de agosto de 2023, el DCR emitió una *Resolución* notificada el 28 de septiembre de 2023. Insatisfecho con la determinación agencial, el recurrente sometió una *Solicitud de Reconsideración de Decisión de Informe Disciplinario para Confinado* el 5 de octubre de 2023. Posteriormente, el 27 de noviembre de 2023, presentó un recurso de *Revisión Judicial* ante el foro intermedio.  En respuesta, esta Curia ordenó al DCR a expresarse respecto al recurso instado. **Previo a su comparecencia ante el foro intermedio, el 19 de diciembre de 2023, el DCR notificó la *Determinación* emitida el 3 de noviembre de 2023, la cual revocó el dictamen recurrido y dejó sin efecto la sanción impuesta. (Énfasis nuestro).**

Ante tales circunstancias, este Tribunal está imposibilitado de atender el recurso en sus méritos. Adviértase que, nuestras facultades revisoras están limitadas al examen judicial de controversias vivas y presentes producidas en un contexto adversativo. *Fotoperiodistas v. Rivera Schatz, supra,* págs. 932-933. **Una vez el DCR revocó el dictamen recurrido, el recurso instado se tornó académico. Tales cambios fácticos acaecidos durante el trámite ante el foro apelativo imposibilitan el ejercicio de nuestras facultades revisoras. (Énfasis nuestro).**

A la luz del marco legal reseñado, el foro apelativo perdió la jurisdicción para examinar el recurso presentado, toda vez que la controversia se tornó académica. En vista de lo anterior, nos corresponde desestimar el pleito instado de conformidad a la Regla 83 B (1) del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 83 B (1).

**IV.**

Por los fundamentos antes expuestos, desestimamos el presente recurso por falta de jurisdicción, pues el recurso presentado se tornó académico.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones